**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br>ERNEST NJAGI MUTHARA, )<br> )<br> Defendant. )<br>_____ ) | Case No. 15-9091 |

## MEMORANDUM AND ORDER

Plaintiff United States of America brought this denaturalization action, seeking to revoke and set aside defendant Ernest Njagi Muthara's citizenship and cancel his Certificate of Naturalization. This court conducted a bench trial and entered judgment against defendant in January 2018. Defendant appealed, and the Tenth Circuit affirmed the decision in November 2018. In January 2019, defendant filed a Rule 60 Motion for Relief from Judgment (Doc. 58). Defendant claims that the judgment is void because the statute of limitations had run before plaintiff filed its complaint. The court disagrees, and denies defendant's motion.

Defendant asks the court to set aside judgment on several overlapping bases: (1) under Rule 60(b)(4), because the statute of limitations barred the action, so the judgment is void; (2) under Rule 60(b)(6), because his counsel was ineffective for failing to raise the statute of limitations, as well as other arguments at trial and on appeal; and (3) under Rule 60(b)(1), because counsel's failure to raise the statute of limitations was due to mistake, inadvertence, surprise, or excusable neglect.

First: Rule 60(b)(4) does not offer plaintiff relief because the judgment is not void. This case is not barred by the statute of limitations. The court recently reaffirmed that the statute of limitations does not apply in denaturalization actions, and nothing in *Kokesh v. Securities & Exchange*

-1-

*Commission*, 137 S. Ct. 1635 (2017), changes that outcome. *See United States v. Afak Malik*, No. 15-9092-CM-TJJ, Doc. 203. The court hereby incorporates the rationale applied in *Malik*, and denies any relief based on the statute of limitations.

Second: Rule 60(b)(6) does not offer relief for claims of ineffective assistance of counsel. "The general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006) (citation omitted). "If a client's chosen counsel performs below professionally acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney." *Id.* (citation omitted); *see also Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003) ("Counsel's performance, however deficient, would not . . . form the basis for reversal of the trial court."); *Hudelson v. Cowdry*, 3 F. App'x 845, 847 (10th Cir. 2001) (noting that there is no constitutional right to effective assistance in civil cases; a plaintiff's "remedy for any alleged incompetence by his counsel is through a malpractice action against counsel, not through any relief from the judgment in this case"). Although this rule has a narrow exception found in immigration cases, the limited exception has been recognized in removal actions or deportation proceedings in immigration court—not denaturalization actions. *See*, *e.g. Osei v. Immigration & Naturalization Serv.*, 305 F.3d 1205, 1208 (10th Cir. 2002). In any event, even if the court were to consider the merits of defendant's claims of ineffective assistance for counsel's various decisions before, during, and after trial, defendant has not established prejudice as required by *Strickland v. Washington*, 466 U.S. 668, 685 (1984).

Third: Rule 60(b)(1) also does not provide relief. As noted above, this case is not barred by the statute of limitations. And Rule 60(b)(1)'s offer of relief for mistake or excusable neglect does not extend to alleged ineffective assistance. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*,

298 F.3d 586, 593 (6th Cir. 2002); *see also Rose v. Bonnet*, 402 F. App'x 226, 228 (9th Cir. 2010) (finding counsel's calendaring mistakes and ignorance of the law in failing to file a timely opposition to a motion did not establish valid grounds for relief under 60(b)(1) (citation omitted)); *Aponte v. City of N.Y. Dep't of Corr.*, 377 F. App'x 99, 100 (2d Cir. 2010) ("The district court did not abuse its discretion by denying Appellant's Rule 60(b) motion for reconsideration because it was premised on the legal malpractice of counsel and not the merits of the underlying litigation."); *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("[C]arelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."). Defendant has not met his burden to plead and prove mistake or excusable neglect such that the court should vacate judgment.

Defendant has not shown that he is entitled to relief under any provision of Rule 60(b).

**IT IS THEREFORE ORDERED** that defendant's Rule 60 Motion for Relief from Judgment (Doc. 58) is denied.

Dated this 22nd day of April, 2019, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**